VL: USAO 2025R00324

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | CRIMINAL NO. JRR 25cr 359 |
|---|---|
| v. | (Sexual Exploitation of a Child, 18 U.S.C. § 2251(a); Coercion and Enticement of a Minor, 18 U.S.C. § 2422(b); Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B); Forfeiture, 18 U.S.C. §§ 2253 and 2428(a), 21 U.S.C. § 853, 28 U.S.C. § 2461) |
| ANDREW DOUGLAS RYNARZEWSKI, | |
| Defendant. | |

## INDICTMENT

### COUNT ONE
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland charges that:

On or about June 3, 2024, in the District of Maryland and elsewhere, the defendant,

**ANDREW DOUGLAS RYNARZEWSKI,**

did knowingly attempt to employ, use, persuade, induce, entice and coerce Minor Victim 1 to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing any visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, such visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and such visual depictions were actually transported and transmitted using any means and facility of interstate and foreign commerce, that is, **RYNARZEWSKI** used a computer and the internet to request the production of an image file titled and partially titled, "…AE_v4.webp," depicting Minor Victim 1 holding his exposed penis. 18 U.S.C. § 2251(a)

## COUNT TWO
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges that:

On or about June 16, 2024, in the District of Maryland and elsewhere, the defendant,

**ANDREW DOUGLAS RYNARZEWSKI,**

did knowingly attempt to employ, use, persuade, induce, entice and coerce Minor Victim 2 to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing any visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, such visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and such visual depictions were actually transported and transmitted using any means and facility of interstate and foreign commerce, that is, **RYNARZEWSKI** used a computer and the internet to request the production of two video files, titled and partially titled, "…2024-06-16-22-36-23…v4.mp4" and "…2024-06-16-22-38-35…4v.mp4," depicting Minor Victim 2 masturbating his exposed penis and ejaculating.

18 U.S.C. § 2251(a)

## COUNT THREE
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges that:

On or about August 28, 2024, in the District of Maryland and elsewhere, the defendant,

**ANDREW DOUGLAS RYNARZEWSKI,**

did knowingly attempt to employ, use, persuade, induce, entice and coerce Minor Victim 3 to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing any visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, such visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and such visual depictions were actually transported and transmitted using any means and facility of interstate and foreign commerce, that is, **RYNARZEWSKI** used a computer and the internet to request the production of two video files titled and partially titled, "…2024-08-27-23-58-23…v4.mp4" and "…2024-08-28-02-37-55…v4.mp4," depicting Minor Victim 3 masturbating his exposed penis and an object inserted into Minor Victim 3's anus.

18 U.S.C. § 2251(a)

## COUNT FOUR
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges that:

On or about November 7, 2024, in the District of Maryland and elsewhere, the defendant,

**ANDREW DOUGLAS RYNARZEWSKI,**

did knowingly attempt to employ, use, persuade, induce, entice and coerce Minor Victim 4 to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing any visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, such visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and such visual depictions were actually transported and transmitted using any means and facility of interstate and foreign commerce, that is, **RYNARZEWSKI** used a computer and the internet to request the production of an image file titled and partially titled, "…2024-11-07-06-26-40…v4.jpeg," depicting Minor Victim 4's exposed anus.

18 U.S.C. § 2251(a)

## COUNT FIVE
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges that:

On or about November 11, 2024, in the District of Maryland and elsewhere, the defendant,

**ANDREW DOUGLAS RYNARZEWSKI,**

did knowingly attempt to employ, use, persuade, induce, entice and coerce Minor Victim 4 to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing any visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, such visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and such visual depictions were actually transported and transmitted using any means and facility of interstate and foreign commerce, that is, **RYNARZEWSKI** used a computer and the internet to request the production of an image file titled and partially titled, "…2024-11-11-02-29-29…v4.jpeg," depicting Minor Victim 4's exposed penis.

18 U.S.C. § 2251(a)

## COUNT SIX
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges that:

On or about November 9, 2024, in the District of Maryland and elsewhere, the defendant,

**ANDREW DOUGLAS RYNARZEWSKI,**

did knowingly attempt to employ, use, persuade, induce, entice and coerce Minor Victim 5 to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing any visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, such visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and such visual depictions were actually transported and transmitted using any means and facility of interstate and foreign commerce, that is, **RYNARZEWSKI** used a computer and the internet to request the production of an image file titled and partially titled, "…2024-11-09-20-07-05.v4.jpeg," depicting Minor Victim 5 holding his penis.

18 U.S.C. § 2251(a)

**COUNT SEVEN**
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges that:

On or about December 7, 2024, in the District of Maryland and elsewhere, the defendant,

**ANDREW DOUGLAS RYNARZEWSKI,**

did knowingly attempt to employ, use, persuade, induce, entice and coerce Minor Victim 6 to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing any visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, such visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and such visual depictions were actually transported and transmitted using any means and facility of interstate and foreign commerce, that is, **RYNARZEWSKI** used a computer and the internet to request the production of an image file titled and partially titled, "…2024-12-07-02-14-17…v4.jpeg," depicting Minor Victim 6 holding his penis.

18 U.S.C. § 2251(a)

## COUNT EIGHT
(Coercion and Enticement)

The Grand Jury for the District of Maryland further charges that:

Beginning on or about June 3, 2024 and continuing through on or about July 29, 2024, in the District of Maryland, and elsewhere, the defendant,

**ANDREW DOUGLAS RYNARZEWSKI,**

using any facility and means of interstate and foreign commerce, knowingly attempted to and did persuade, induce, entice, and coerce Minor Victim 1, who had not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense, namely, the sexual exploitation of a child in violation of 18 U.S.C. § 2251(a).

18 U.S.C. §§ 2422(b), 2427

## COUNT NINE
(Coercion and Enticement)

The Grand Jury for the District of Maryland further charges that:

Beginning on or about June 16, 2024 and continuing through on or about June 18, 2024, in the District of Maryland, and elsewhere, the defendant,

**ANDREW DOUGLAS RYNARZEWSKI,**

using any facility and means of interstate and foreign commerce, knowingly attempted to and did persuade, induce, entice, and coerce Minor Victim 2, who had not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense, namely, the sexual exploitation of a child in violation of 18 U.S.C. § 2251(a).

18 U.S.C. §§ 2422(b), 2427

## COUNT TEN
(Coercion and Enticement)

The Grand Jury for the District of Maryland further charges that:

Beginning on or about August 27, 2024 and continuing through on or about August 28, 2024, in the District of Maryland, and elsewhere, the defendant,

**ANDREW DOUGLAS RYNARZEWSKI,**

using any facility and means of interstate and foreign commerce, knowingly attempted to and did persuade, induce, entice, and coerce Minor Victim 3, who had not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense, namely, the sexual exploitation of a child in violation of 18 U.S.C. § 2251(a).

18 U.S.C. §§ 2422(b), 2427

## COUNT ELEVEN
(Coercion and Enticement)

The Grand Jury for the District of Maryland further charges that:

Beginning on or about November 2, 2024 and continuing through on or about November 30, 2024, in the District of Maryland, and elsewhere, the defendant,

**ANDREW DOUGLAS RYNARZEWSKI,**

using any facility and means of interstate and foreign commerce, knowingly attempted to and did persuade, induce, entice, and coerce Minor Victim 4, who had not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense, namely, the sexual exploitation of a child in violation of 18 U.S.C. § 2251(a).

18 U.S.C. §§ 2422(b), 2427

## COUNT TWELVE
(Coercion and Enticement)

The Grand Jury for the District of Maryland further charges that:

Beginning on or about May 29, 2024 and continuing through on or about December 12, 2024, in the District of Maryland, and elsewhere, the defendant,

**ANDREW DOUGLAS RYNARZEWSKI,**

using any facility and means of interstate and foreign commerce, knowingly attempted to and did persuade, induce, entice, and coerce Minor Victim 5, who had not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense, namely, the sexual exploitation of a child in violation of 18 U.S.C. § 2251(a).

18 U.S.C. §§ 2422(b), 2427

## COUNT THIRTEEN
(Coercion and Enticement)

The Grand Jury for the District of Maryland further charges that:

Beginning on or about December 6, 2024 and continuing through on or about December 12, 2024, in the District of Maryland, and elsewhere, the defendant,

### ANDREW DOUGLAS RYNARZEWSKI,

using any facility and means of interstate and foreign commerce, knowingly attempted to and did persuade, induce, entice, and coerce Minor Victim 6, who had not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense, namely, the sexual exploitation of a child in violation of 18 U.S.C. § 2251(a).

18 U.S.C. §§ 2422(b), 2427

## COUNT FOURTEEN
(Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or about June 13, 2025, in the District of Maryland, the defendant,

### ANDREW DOUGLAS RYNARZEWSKI,

did knowingly possess and knowingly access with intent to view any book, magazine, periodical, film, videotape, computer disk, and any other material that contained an image of child pornography, as defined in Title 18 United States Code, Section 2256(8)(A), that had been mailed, shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, the defendant possessed a Samsung Galaxy A15, with IMEI 353283321369527, and an Amazon Fire Tablet, with Serial Number GCC1XE0323070J4E, both of which were manufactured outside of Maryland and contained one or more visual depictions of minors, including at least one visual depiction of a prepubescent minor engaged in sexually explicit conduct.

18 U.S.C. §§ 2252A(a)(5)(B) & 2256

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. of Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 2253 and 2428(a), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c) as a result of the defendant's conviction under any of the offenses set forth in Counts One through Fourteen of this Indictment.

### Child Exploitation Forfeiture

2. Upon conviction of any of the offenses set forth in Counts One through Seven and Count Fourteen of this Indictment, the defendant,

**ANDREW DOUGLAS RYNARZEWSKI,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 2253(a):

a. any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, 2252, or 2252A, 2252B, or 2260 or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, received or possessed in violation of Title 18, United States Code, Chapter 110;

b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and

c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property.

### Coercion and Enticement Forfeiture

3. Upon conviction of the offenses set forth in Counts Eight through Thirteen of this Indictment, the defendant,

**ANDREW DOUGLAS RYNARZEWSKI,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 2428(a):

  a. any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offenses; and

  b. any property, real or personal, constituting or derived from any proceeds that such person obtained, directly or indirectly, as a result of such offenses.

### Property Subject to Forfeiture

4. The property to be forfeited includes, but is not limited to:

  **a.** a Samsung Galaxy A15, with IMEI 353283321369527; and

  **b.** an Amazon Fire Tablet with Serial Number GCC1XE0323070J4E.

### Substitute Assets

5. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property that cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

18 U.S.C. §§ 2253 & 2428
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Kelly O. Hayes /s/*
Kelly O. Hayes
United States Attorney

A TRUE BILL

SIGNATURE REDACTED
Foreperson

Date: November 19, 2025